UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CLAREX LIMITED and BETAX LIMITED,      :

                             Plaintiffs,      :

                -v-      :

NATIXIS SECURITIES AMERICAS LLC et al.,      :

                          Defendants.      :

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/13

12 Civ. 7908 (PAE)

<u>OPINION & ORDER</u>

**PAUL A. ENGELMAYER, District Judge:**

On June 11, 2013, the Court issued an opinion granting in part and denying in part defendants' motion to dismiss the Complaint. *See* No. 12 Civ. 7908 (PAE), Dkt. 31, *available at* 2013 WL 2631043 (S.D.N.Y. Jun. 11, 2013) (the "June 11 Opinion" or "Op."). Plaintiffs Clarex Limited ("Clarex") and Betax Limited ("Betax") (collectively, "plaintiffs") move for reconsideration of that holding, on several grounds. For the reasons that follow, plaintiffs' motion for reconsideration is granted in part and denied in part.

## I.    Motion for Reconsideration

### A.    Legal Standard

The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010) (summary order) ("The threshold for prevailing on a motion for reconsideration is high."). The purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the

practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (citation omitted).

Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). On a Local Rule 6.3 motion, "a party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000) (Mukasey, J.) (citation omitted). Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

### B.  Application

Familiarity with the June 11 Opinion is assumed. There, the Court granted in part and denied in part Natixis's motion to dismiss. In particular, the Court (1) dismissed Claim Two (good faith and fair dealing) and Claim Three (negligence); (2) dismissed the contract claim as to 5,000 of the warrants because the statute of limitations had run; and (3) eliminated plaintiffs' claim for damages, to the extent it sought damages equal to the current market value of the warrants.

In seeking reconsideration, plaintiffs argue that the Court improperly made two factual determinations: (1) that Natixis served as a broker, rather than a dealer, and (2) that plaintiffs never agreed to extend the date of performance of Natixis's contractual duty to deliver the warrants. They contend that these factual determinations led the Court, respectively, to wrongly

2

(1) dismiss their negligence claim, and (2) find their contract claim as to 5,000 warrants barred by the statute of limitations. Alternatively, plaintiffs seek leave to amend their Complaint.

### 1.   The Negligence Claim

In its June 11 Opinion, the Court held that plaintiffs had not plausibly alleged that Natixis had a duty beyond its contractual duty to deliver the warrants to them. Plaintiffs now argue that in reaching this conclusion, the Court improperly relied on a factual determination that Natixis acted as a broker rather than a dealer. Had the Court not so found, they argue, the negligence claim would have survived.

In their Complaint, plaintiffs allege, without elaboration, that Natixis acted as a "broker-dealer" in these transactions. *See* Compl. ¶¶ 45–46, 50–51. In their legal briefs, they characterized Natixis solely as a dealer (*i.e.*, a principal in its dealing with them). Plaintiffs argue that the Court should have relied in its decision solely on that characterization of Natixis's role.

In seeking reconsideration, plaintiffs argue that the Court concluded that Natixis was a mere broker by relying on documents outside the Complaint that, they claim, painted an incomplete picture of the parties' relationship. That is demonstrably wrong. The Court, by order dated May 15, 2013, directed plaintiff to submit documents that were incorporated by reference into the Complaint. *See* Dkt. 29. However, the Opinion makes quite clear that Court did not rely on all such documents. Rather, the only documents on which the Court did rely in its decision were the Customer Agreements submitted with the Levine Declaration. *See* Dkt. 11 Ex. D–E. It was entirely appropriate for the Court to consider those agreements, because "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the

3

proceeding to one for summary judgment." *Holowecki v. Fed. Express Corp.*, 440 F.3d 558,

565–66 (2d Cir. 2006) (alterations in original) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel.*

*& Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)), *aff'd*, 552 U.S. 389 (2008).  Notably, plaintiffs did

not dispute that it was appropriate for the Court to consider these contracts.  Nor did they argue,

and their Complaint did not allege, that a different agreement governed the parties' relationship.

 The contracts evidencing the parties' relationship—properly considered on the motion to

dismiss—squarely and uniformly support Natixis's characterization that it served solely as a

broker.  The Customer Agreements identify, in their very first sentence, Natixis as "Broker."

Levine Decl. Ex. D, at 1; *id.* Ex. E, at 1.  There is no contrary language in those agreements.

 In any event, the Court's determination that Natixis had been a broker rather than a dealer

in its dealing with plaintiffs was not necessary to the Court's decision.  The Court dismissed

plaintiffs' negligence claim because plaintiffs did not plausibly articulate any duties that Natixis

had taken on toward plaintiffs—whether as a broker, a principal, or otherwise—aside from the

contractual duty to deliver the warrants.  Even if Natixis had been acting as a principal rather

than a broker, its duties arose from the contractual obligation to provide the Warrants.  Plaintiffs

therefore are simply seeking the benefit of their bargain:  And "where plaintiff is essentially

seeking enforcement of the bargain, the action should proceed under a contract theory." *Sommer*

*v. Fed. Signal Corp.*, 79 N.Y.2d 540, 552 (1992).  Significantly, under New York law, where a

contract and negligence claim are coextensive, the negligence claim should be dismissed. *See In*

*re Chateaugay Corp.*, 10 F.3d 944, 958 (2d Cir. 1993) ("It is settled under New York law that a

tort claim will not arise 'where plaintiff is essentially seeking enforcement of the bargain.'"

(quoting *Sommer*, 79 N.Y.2d at 552)); *see also Bayerische Landesbank v. Aladdin Capital Mgmt.*

*LLC*, 692 F.3d 42, 58 (2d Cir. 2012)

Accordingly, there is no basis for the Court to reconsider its conclusion. The dismissal of plaintiffs' negligence claim stands.

### 2.    The Statute of Limitations

The Court also dismissed plaintiffs' claim as to 5,000 of the 46,000 warrants, because the transaction took place before November 2002, *see* Compl. ¶ 13, and was not covered by the tolling agreements. The Court held that the claim was barred by the six-year statute of limitations. Plaintiffs argue that (1) they have now uncovered evidence in discovery that, they claim, shows that plaintiffs extended Natixis's time to perform until at least 2007, and (2) it was wrong for the Court to consider an affirmative defense such as the statute of limitations on a motion to dismiss.

Plaintiffs first argue that new evidence uncovered during discovery demonstrates that the parties agreed to extend the time for performance. But on a motion for reconsideration, "a party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000) (Mukasey, J.) (citation omitted). The Court will therefore not revisit its previous conclusion on this ground.

However, the Court grants reconsideration on the ground that plaintiffs have sufficiently rebutted Natixis's statute of limitations defense. As a general rule, "in this Circuit . . ., affirmative defenses are routinely considered under Federal Rule Civil Procedure 12(b)(6)." *Grosz v. Museum of Modern Art*, 772 F. Supp. 2d 473, 496 (S.D.N.Y. 2010), *aff'd*, 403 F. App'x 575 (2d Cir. 2010) (summary order); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("The lapse of a limitations period is an affirmative defense that a defendant must plead and prove. However, a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." (citation

omitted)). In its Opinion, the Court held that the Complaint did not anywhere plausibly allege either an agreement between the parties to delay the delivery of the warrants, or that plaintiffs waived their right to a timely delivery and granted Natixis an extension of time. In moving for reconsideration, however, plaintiffs have drawn the Court's attention to *Ellington Long Term Fund, Ltd. v. Goldman, Sachs & Co.*, No. 09 Civ. 9802 (RJS), 2010 WL 1838730 (S.D.N.Y. May 4, 2010), in support of their claim that the Complaint's allegations satisfactorily allege that Natixis acknowledged in writing that it owed plaintiffs the warrants—thereby restarting the statute of limitations. Although plaintiffs did not cite to this case in their brief in opposition to Natixis's motion to dismiss, the Court will consider it here.

In *Ellington*, Judge Sullivan found that plaintiffs had met their burden at the motion to dismiss stage to rebut the affirmative defense of statute of limitations. Relying on New York General Obligations Law § 17-101,[1] he held that Goldman Sachs's written settlement instructions to Euroclear and monthly account statements to Ellington, as recounted in the Complaint, were sufficient to acknowledge Goldman's debt to plaintiffs, so as to vitiate the time-bar that would otherwise exist. 2010 WL 1838730, at *4–5. Here, plaintiffs have alleged:

> 17. Natixis has admitted on several occasions that Plaintiffs are entitled to have the 46,000 missing Warrants (and all the accrued corresponding Payment Rights, which to date exceed $10 million).
> 18. Natixis continued to send statements to Plaintiffs regarding the missing Warrants until December 2011, evidencing its continued assurance to Plaintiffs that the missing Warrants would be delivered to them.
> 19. Until December 22, 2011, Natixis continued in place its instructions to the clearinghouse to deliver the Warrants to Plaintiffs. On December 22, 2011, Natixis cancelled such instructions to the clearinghouse.

---

[1] "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules other than an action for the recovery of real property. This section does not alter the effect of a payment of principal or interest." N.Y. Gen. Oblig. Law § 17-101.

Compl. ¶¶ 17–19. The Court correctly concluded in its Opinion that these allegations do not
adequately allege either a waiver by the plaintiff or an agreement between the parties to toll the
statute. *See Nova Cas. Co. v. Liberty Mut. Ins. Co.*, 540 F. Supp. 2d 476, 482 (S.D.N.Y. 2008)
("[T]he intent to waive a right must be unmistakably manifested, and is not to be inferred from a
doubtful or equivocal act." (quoting *Orange Steel Erectors v. Newburgh Steel Prods.*, 225
A.D.2d 1010, 1012 (3d Dep't 1996))). But, as in *Ellington*, these allegations plausibly allege an
acknowledgement by Natixis of the debt that is sufficient to toll the statute of limitations. *See
also Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007); *GMO Trust ex rel. GMO Emerging
Country Debt Fund v. ICAP plc*, No. CIV.A. 12-10293-DPW, 2012 WL 5197545, at *9 (D.
Mass. Oct. 18, 2012).

Accordingly, reconsideration of the dismissal of the contract claims as to these 5,000
warrants is granted. Plaintiffs' contract claim as to those warrants is reinstated.

## II.    Motion to Amend

Plaintiffs alternatively seek leave to amend their Complaint. Federal Rule of Civil
Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely" given when
"justice so requires." However, "'it is within the sound discretion of the district court to grant or
deny leave to amend.'" *Barbata v. Latamie*, No. 11 Civ. 7381 (DLC), 2012 WL 1986981, at *2
(S.D.N.Y. June 4, 2012) (quoting *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009)). The
Supreme Court has directed courts to grant leave to amend under Rule 15 in the absence of
factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated
failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing
party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*,
371 U.S. 178, 182 (1962); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01
(2d Cir. 2007).

The Court finds that most of the proposed amendments to the complaint would be futile. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). In particular, the proposed amended complaint seeks to reassert plaintiffs' negligence claim. However, for the reasons stated above and in its June 11 Opinion, the Court finds that the negligence claim is duplicative of the contract claim, and so must be dismissed. An amendment to add that claim would be futile.

In any event, allowing plaintiffs to amend their complaint at this point would prejudice Natixis. "[T]he prejudice to the opposing party resulting from a proposed amendment [i]s among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). "Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (alteration in original) (quoting *State Teachers Ret. Bd.*, 654 F.2d at 856). Here, discovery has closed and the parties are on the eve of moving for summary judgment. The proposed amended complaint asserts an entirely new cause of action under the Uniform Commercial Code ("UCC"), of which Natixis has had no prior notice.

Finally, permitting an amendment would reward plaintiffs' dilatory pursuit of this litigation. Plaintiffs did not seek leave to amend their complaint in response to Natixis's motion to dismiss. Yet that motion squarely put plaintiffs on notice of their pleading failures.[2] With

---

[2] Although not necessary to this decision, this Court's Individual Rules underscore that a party confronted with a motion to dismiss who elects to defend the complaint rather than exercising his right to amend it waives his right thereafter to amend it. *See* Individual Rules 3(B) ("If a motion to dismiss is filed, the plaintiff has a right to amend its pleading, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), within twenty-one days. If the non-moving party elects not to amend its pleading, no further opportunity to amend will be granted and the motion to dismiss

plaintiffs having foregone that opportunity, the Court will not grant plaintiffs another opportunity to replead.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration is granted in part and denied in part.  The Clerk of Court is directed to terminate the motion pending at document number 32.

Discovery in this case remains closed.  The Court has received letters from the parties seeking a pre-motion conference.  That request is granted, and a conference is scheduled for August 1, 2013, at 2:30 p.m.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: July 29, 2013
       New York, New York

---

will proceed in the normal course."). This rule seeks to prevent parties from relitigating motions to dismiss by encouraging them to use their right to amend to cure any deficiency.