UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :

CLAREX LIMITED and BETAX LIMITED,             :

                                                              :         12 Civ. 7908 (PAE)

                                          Plaintiffs,     :

                                                               :         <u>OPINION & ORDER</u>

                          -v-                                         :

NATIXIS SECURITIES AMERICAS LLC et al.,     :

                                             Defendants.    :

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      On November 12, 2013, the Court directed the parties to submit a joint letter, addressing the arbitration clause contained in their Customer Agreement. Dkt. 65 (citing Levine Decl., Ex. F (Dkt. 48) ("Agreement")). The Court also directed the parties to address the language in that Agreement to the effect that the parties had waived the right to a jury trial, and how the parties' request for a jury trial in the case management plan in this case could be squared with that waiver. *Id.* ("[T]he Court notes that the parties waive 'their right to seek remedies in court, including the right to Jury trial.'") (citing Agreement ¶ 20). The joint letter submitted by the parties on November 15, 2013 addressed the arbitration clause, explaining that neither side had decided to invoke that right to mandatory arbitration, but did not address the jury-trial waiver clause. Dkt. 67. The Court directed the parties to submit another joint letter, "advising the Court whether they continue to seek a jury trial and, if so, setting forth with citations to appropriate case authority the legal basis on which to claim that that right has not been waived." Dkt. 68.

      On November 19, 2013, the parties submitted their joint letter. Dkt. 69. Plaintiffs ("Clarex") argue that they did not knowingly or intentionally waive the right to a jury trial. *Id.* at

1.  Defendants ("Natixis") argue that Clarex has waived its right to a jury trial. *Id.* at 3. The Court therefore will treat Natixis as having moved to strike Clarex's jury demand.

For the reasons that follow, Natixis's motion is denied.

When asserted in federal court, the right to a jury trial is governed by federal law. *See Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) (citations omitted). The jury trial right is fundamental and a presumption exists against its waiver. *Id.* Nonetheless, a contractual waiver is enforceable if made knowingly, intentionally, and voluntarily. *Id.* In considering whether the waiver of a right to a jury trial was knowing and voluntary, courts must consider: "1) the negotiability of contract terms and negotiations between the parties concerning the waiver provision; 2) the conspicuousness of the waiver provision in the contract; 3) the relative bargaining power of the parties; and 4) the business acumen of the party opposing the waiver." *Morgan Guar. Trust Co. of N.Y. v. Crane*, 36 F. Supp. 2d 602, 603–04 (S.D.N.Y. 1999) (citation omitted); *accord Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 705 (S.D.N.Y. 2011). "The burden of proving that a waiver was knowing and intentional rests with the party attempting to enforce the purported waiver." *Lehman Bros. Holdings Inc. v. Bethany Holdings Grp., LLC,* 801 F. Supp. 2d 224, 229 (S.D.N.Y. 2011) (citation omitted). "The language of enforceable waiver provisions must be construed literally." *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294 (PKL), 2003 WL 21878815, at *6 (S.D.N.Y. Aug. 8, 2003).

Here, the purported jury-trial waiver appears in paragraph 20 of the Agreement, titled "Arbitration Disclosures." Paragraph 20 contains five bullet points, to the effect that: (1) arbitration is final and binding on the parties; (2) the parties waive their right to seek remedies in court, including the right to a jury trial; (3) pre-arbitration discovery may be more limited than in

court proceedings; (4) an arbitration award may not contain factual findings or legal reasoning and the right to appeal may be limited; and (5) the panel may include a minority of arbitrators affiliated with the securities industry. *See* Agreement ¶ 20. The second bullet point is at issue here. It states: "The parties are waiving their right to seek remedies in court, including the right to jury trial." *Id.* In the next paragraph, ¶ 21, the arbitration clause submits all controversies arising from any securities transaction to arbitration.

Importantly, all five bullet points in ¶ 20 address the consequences of selecting arbitration as the forum for the parties to resolve their disputes. It is in that context that ¶ 20 provides that a consequence of selecting arbitration is a waiver of the parties' right to seek remedies in court, including the right to jury trial. Read in context, then, the parties' purported jury trial waiver is not independent of the parties' arbitration clause. It is, instead, inextricably linked to that clause. It is premised on the parties having chosen to pursue arbitration. Here, however, neither party has done so, although, under the Agreement, either could have invoked the arbitration clause and compelled arbitration. By jointly choosing to resolve their disputes in court and not in arbitration, the parties avoided all of the consequences of selecting arbitration, including the waiver of a jury trial. The Court therefore holds that Clarex has not waived the right to a jury trial in this context—*i.e.*, in which neither party has invoked the arbitration clause.

In arguing for a waiver of a jury trial, Natixis relies on *RREF RB-AL SLDL, LLC v. Saxon Land Dev., LLC*, No. 11 Civ. 925 (MEF), 2012 WL 1366720 (M.D. Ala. Apr. 19, 2012), but that case is inapposite. The district court in *RREF* construed a jury waiver clause as a separate contractual provision than an arbitration clause, and that the two could be "enforced or waived separately." *Id.* at * 2. That is not so here, where the jury waiver in the Agreement is part and parcel of the arbitration clause. Natixis also relies on the severability provision in ¶ 3 of the

Agreement, which states that "[i]f any provision of this Agreement is held to be invalid, void, or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not affect the validity of the remaining provisions of this Agreement." But the Court has not held the arbitration clause invalid, void, or unenforceable. Rather, the parties, for their own reasons, each simply decided not to pursue arbitration.

Accordingly, the Court holds, there has not been a waiver, let alone a knowing and voluntary one, by Clarex of its right to a jury trial in this case. Natixis has not overcome the presumption against a jury trial waiver. Natixis' motion to strike Clarex's jury trial demand is, therefore, denied.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: November 25, 2013
       New York, New York